UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
:
KATHLEEN A. MELAY, *o/b/o* R.C.M.,                        :
                                                         :
                              Plaintiff,                 :            13 Civ. 4430 (PAE) (DF)
                                                         :
                  -v-                                    :            OPINION & ORDER
                                                         :
CAROLYN W. COLVIN, *Acting Commissioner of*              :
*Social Security*,                                       :
                                                         :
                              Defendant.                 :
                                                         :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

        Plaintiff Kathleen A. Melay ("Melay"), on behalf of her minor child (referred to as

"R.C.M."), brings this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g),

seeking judicial review of a final decision of the Commissioner of Social Security

("Commissioner"), which denied R.C.M.'s application for supplemental security income ("SSI"),

on the grounds that R.C.M's impairments did not constitute a disability for purposes of the

Social Security Act ("SSA").  Both sides have moved for judgment on the pleadings pursuant to

Federal Rule of Civil Procedure 12(c).  Before the Court is the August 29, 2014 Report and

Recommendation of Magistrate Judge Debra Freeman, *recommending that the Court grant*

Melay's motion, deny the Commissioner's motion, and remand the case to the Commissioner for

further proceedings.  Dkt. 28 (the "Report").

        For the reasons that follow, the Court adopts the Report in full.

I.      **Background**[1]

On February 21, 2007, Melay filed an application for SSI on behalf of R.C.M., her child, then age 6.  Melay claimed that the onset of R.C.M.'s disability had been September 13, 2003. That application was denied.  On August 31, 2007, Melay requested an administrative hearing. The hearing was held on March 17, 2008 before an Administrative Law Judge ("ALJ").  On April 4, 2008, the ALJ issued a decision finding that R.C.M. was not disabled.  This decision was not appealed.[2]

On February 19, 2010, Melay filed a second application for SSI on behalf of R.C.M., then age 9.  The basis for Melay's application was R.C.M's alleged disability due to the combination of a learning disability, asthma, and attention deficit hyperactivity disorder ("ADHD"), which purportedly commenced on September 1, 2005.  On July 1, 2010, this second application was denied.  On September 29, 2010, Melay requested a hearing.  The hearing was scheduled for January 25, 2012.  On January 25, 2012, R.C.M.'s representative appeared at the hearing, but Melay and R.C.M. did not.  The ALJ stated that he would issue a notice to show cause to give Melay an opportunity to explain her failure to appear, and that, absent good cause, he would deem her to have waived her right to appear and issue a decision on the record.  Melay responded by letter to the notice to show cause on February 7, 2012, stating that she had missed the hearing because she was scheduled to undergo extensive back surgery and could not travel

---

[1] The Court's summary of the facts of this case is drawn from the detailed account of the facts provided in the Report, to which neither party objects.

[2] As Judge Freeman noted, neither the ALJ nor the parties discussed the potential effect of this initial 2008 decision on the 2012 decision that is now before the Court for review.  Given that there is some overlap between the period of disability now being claimed and the previously adjudicated period, the earlier decision may have some preclusive effect.  As specified *infra*, p. 7, the ALJ, on remand, is directed to consider and address this issue.

long distances.  On March 7, 2012, the ALJ directed Melay to provide, within two weeks, a letter from a medical doctor confirming that Melay's back surgery had been scheduled and that traveling to the hearing by car on January 25, 2012 would have been against medical advice. Melay did not provide such a letter.  On April 17, 2012, the ALJ determined, based on the then-existing evidentiary record, that R.C.M. was not disabled within the meaning of the SSA. Accordingly, the ALJ denied R.C.M's application for SSI benefits.

In making this determination, the ALJ applied the three-step sequential evaluation procedure mandated by the Commissioner's regulations for determining whether a child is disabled.[3]  *See* 20 C.F.R. § 416.924.  In the first step, the ALJ determines whether the child is engaged in substantial gainful activity.  If so, the child is not disabled.  If not, the ALJ must determine whether the child has a severe, medically determinable impairment.  If the child's impairment amount to only "a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations," the child is not disabled.  *Id.*  However, if the child has severe impairment(s), the ALJ must determine whether these impairment(s) meet, medically equal, or functionally equal the criteria of an impairment found in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listings").  An impairment satisfies this third step if it results in either a "marked" limitation in two of the six defined "domains of functioning," or an "extreme"

---

[3] Under the Act, a child is disabled if he or she:

> (1) has a medically determinable physical or mental impairment;
> (2) which results in marked and severe functional limitations, and
> (3) which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . [; however,] no individual under the age of 18 who engages in substantial gainful activity . . . may be considered to be disabled.

42 U.S.C. § 1382c(a)(3)(C); *see also* 20 C.F.R. § 416.906; *Encarnacion ex rel. v. Astrue*, 568 F.3d 72, 75 (2d Cir. 2009).

limitation in one of the domains of functioning.[4]  A "marked" limitation is defined as one that is more than moderate but less than extreme, and that seriously interferes with the child's ability to independently initiate, sustain, or complete activities.  *See* 20 C.F.R. § 416.926a(e)(2).  An "extreme" limitation is one that "very seriously" interferes with a claimant's ability to initiate, sustain, or complete activities independently, and although it is not necessarily indicative of a total loss of functioning, an extreme rating is given to only the worst limitations.  *See id.* § 416.926a(e)(3).

In applying the three-step sequential evaluation procedure, the ALJ here determined that R.C.M.:  (1) had not engaged in substantial gainful activity at any relevant time; and (2) had three severe impairments—asthma, a learning disability, and ADHD—which had resulted in more than minimal limitations on R.C.M.'s ability to perform age-appropriate activities.  At step three, however, the ALJ concluded that these impairments did not result in "marked" or "extreme" limitations to any of the six domains of functioning.  He concluded that R.C.M. had "less than marked" limitations in the ability to:  (1) acquire and use information; (2) attend to and complete tasks; (3) interact and relate to others; (4) move about and manipulate objects; and (5) care for himself.  R.C.M. also had "less than marked" limitations in his (6) overall health and physical well-being.  Based on this assessment, the ALJ concluded that R.C.M. was not disabled.

On June 20, 2012, Melay appealed the ALJ's decision.  On March 27, 2013, the Appeals Council denied Melay's request for review, making the ALJ's decision the Commissioner's final decision.

---

[4] The six domains of functioning, under the regulation, are:  (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) overall health and physical well-being.  *See* 20 C.F.R. § 416.926a.

On June 26, 2013, Melay commenced this action.  *See* Dkt. 2 ("Complaint").  Melay asserts that the ALJ's conclusions and findings of fact were "not supported by substantial evidence and [were] contrary to law and regulation."  *Id.* ¶ 9.  On July 1, 2013, the Court referred the case to Judge Freeman.  Dkt. 3.  On October 31, 2013, the Commissioner answered.  Dkt. 11.

On November 25, 2013, Melay filed a motion for judgment on the pleadings, Dkt. 15, and a supporting memorandum of law, Dkt. 16 ("Pet. Br.").  Melay argued that:  (1) the ALJ erred by failing to state the weight he accorded to the evidence considered, including the opinion evidence, and further erred in evaluating the opinion evidence from R.C.M's teachers, Ms. Fogarty and Ms. Taub; (2) the ALJ failed to make a proper credibility determination; and (3) the ALJ's determination that plaintiff's impairments were not functionally equal to the listings was unsupported by substantial evidence and legally erroneous.  On March 17, 2014, the Commissioner filed a cross-motion for judgment on the pleadings, Dkt. 21, and a supporting memorandum of law, Dkt. 22 ("Resp. Br.").  The Commissioner asserted that the final decision must be upheld because the ALJ applied the correct legal standards and his decision was supported by substantial evidence.  On April 15, 2014, the Commissioner opposed Melay's motion for judgment on the pleadings, Dkt. 26, and on May 15, 2014, Melay opposed the Commissioner's motion, Dkt. 27.

On August 29, 2014, Judge Freeman issued her Report and Recommendation on the parties' cross-motions for judgment on the pleadings.  Judge Freeman concluded that the ALJ's decision "failed to describe the weight given to *any* of the evidence on the record," and that the ALJ's rationale therefore "cannot be gleaned from his decision."  Report at 34.  Although it is within the province of the ALJ to weigh conflicting evidence in the record and to credit the evidence that is more persuasive and consistent with the record as a whole, a Court cannot

review an ALJ's decision if the rationale underlying that decision is not set forth with "such clarity as to be understandable." *See Silberman v. Astrue*, No. 08 Civ. 3398 (RMB) (THK), 2009 WL 2902576, at *6–*7 (S.D.N.Y. Aug. 14, 2009) (citing *N.L.R.B. v. Columbia Univ.*, 541 F.2d 922, 929 (2d Cir. 1976)). Because Judge Freeman concluded that she was not able to "determine whether the ALJ applied the appropriate legal standards in weighing the evidence," she recommended "that the case be remanded so that the ALJ may explain how he weighed the relevant evidence[.]" *Id.* at 35–36.

Separately, Judge Freeman also concluded that the ALJ failed to make a proper assessment of Melay's credibility. *See* Report at 39 ("A conclusory statement that [Melay] was not credible to the extent her statements were inconsistent with the ALJ's disability findings is insufficient to provide this Court with a proper basis for reviewing the ALJ's credibility determination."). Therefore, Judge Freeman further recommended that "this case be remanded to allow the ALJ to clarify . . . his assessment of [Melay]'s credibility." *Id.*

The Report stated that the parties were required to file any objections within 14 days of the date of the Report's issuance. *See* Report at 40. To date, the Court has not received any objections.

## II. Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made,

6

"a district court need only satisfy itself that there is no clear error on the face of the record." *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE) (KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Careful review of Judge Freeman's thorough and well-reasoned Report reveals no clear error. On the contrary, the Court agrees with the Report's conclusion that the ALJ's decision failed to describe the weight given to the evidence on the record or to make a proper assessment of Melay's credibility. On remand, the Commissioner is directed, consistent with Judge Freeman's Report, to: (1) make explicit findings as to the weight he has accorded to the evidence contained in the record, particularly the medical and non-medical opinions that have been presented through doctor and psychologist reports and teacher questionnaires; (2) explain his assessment of Melay's credibility by reference to the factors listed in 20 C.F.R. § 404.1529(c)(3) and to cite specific evidence that supports his assessment; and (3) consider the potential preclusive effect of the prior SSA adjudication of Melay's earlier request for benefits on R.C.M.'s behalf. The Report, which is incorporated by reference herein, is therefore adopted without modification.

## CONCLUSION

For the reasons articulated in the Report, the Court grants Melay's motion for judgment on the pleadings, denies the Commissioner's cross-motion for judgment on the pleadings, and remands the case to the Commissioner for further development of the record. The Clerk of Court is directed to terminate the motions pending at docket numbers 15 and 21 and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: September 25, 2014
      New York, New York